IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PAINTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1381 |
| | ) | Magistrate Judge Amy Reynolds Hay |
| PRISON HEALTH SERVICES, INC.; | ) | |
| JEFFREY BEARD; SHARON BURKS; | ) | |
| MICHAEL HARLOW; MICHAEL | ) | |
| MAHLMEISTER; FRED RUFFO; | ) | |
| JEFFREY HOOVLER; KIMBERLY BOAL; | ) | |
| SCOTT MORGAN; PATRICK QUIMBY; | ) | |
| EDWARD HORNEMAN; MR. TURCO; | ) | |
| WILLIAM WOODS; RENEE KING; | ) | |
| THERESA WARNER, | ) | |
| | ) | |
| Defendants | ) | Re: Dkt. Nos. [5] & [10] |

## MEMORANDUM OPINION AND ORDER

Ronald Painter ("Plaintiff") is a recently released state prisoner who, while yet incarcerated, filed a civil rights complaint against, according to the Court's count, fifteen Defendants. Eleven of those Defendants are Department of Corrections ("DOC") employees, (hereinafter collectively, "the DOC Defendants"), all of whom are represented by the Pennsylvania Attorney General's office. The remaining four defendants are Prison Health Services, Inc., (hereinafter, "PHS"), the private health care provider at Plaintiff's prison and, at least two of its employees/subcontractors, namely, Dr. Scott Morgan, and Physician Assistant Edward Horneman, (collectively, "the Moving Medical Defendants"), and a third individual named Theresa Warner, identified in the complaint as the "Medical Director." Dkt. [1-2] at 3, ¶ 18. The DOC Defendants represent in their motion to dismiss that Defendant Warner is an employee of PHS. Dkt. [6] at 2. However, when the attorney who represents the Moving

Medical Defendants entered his appearance in this Court, he did not enter his appearance for Defendant Warner. Dkt. [2].

This case was originally filed in the Court of Common Pleas of Mercer County, but was removed to this Court by the DOC Defendants' attorney.[1]

Plaintiff's pro se complaint essentially alleged an Eighth Amendment claim against all of the Defendants, in addition to State law claims of violations of the Pennsylvania State Constitution. Dkt. [1-2] at 3 ("the Defendants have violated his Pennsylvania Constitutional Rights, United States Constitutional Rights, and Eighth and Fourteenth Amendment Rights, which gives rise to the denial of his 'Medical Care and Needs,' and gives rise to 'Cruel and Unusual Punishment' of his 'Conditions of Confinement' and 'Deliberate Indifference to Serious Medical Needs' as a result of a fall.").

The Court understands Plaintiff's invocation of the Fourteenth Amendment merely to be a shorthand way of saying that he is making a claim of a violation of the Eighth Amendment standards as these are incorporated against the states via the substantive due process provision of the Fourteenth Amendment. This is because technically, the Eighth Amendment applies to the states through the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)). The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's due process

---

[1] The Court notes that the notice of removal was not signed by all of the Defendants, i.e., the attorney for the Moving Medical Defendants did not sign the notice of removal, nor has the attorney filed a formal consent to the removal. See, e.g., Loftis v. United Parcel Services, Inc., 342 F.3d 509, 516 (6th Cir. 2003)(explaining the rule that all defendants should file a written consent to the removal or join in the original notice of removal). However, such a defect is a non-jurisdictional defect that does not permit a court to sua sponte order remand of the case to the State Court. See, e.g., Healy v. MCI Worldcom Network Services, Inc., 80 Fed.Appx. 597, 598 (9th Cir. 2003).

2

clause. See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972)(Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."). In the discussion, the Court simply refers to the Eighth Amendment for simplicity's sake. This is exactly how the DOC defendants understood Plaintiff's reference to the Fourteenth Amendment, as they explained in their motion to dismiss. Dkt. [6] at 2, n.1. Plaintiff, in his response to the DOC Defendants' motion to dismiss, did not contradict or otherwise object to the DOC Defendants' characterization of Plaintiff's reference to the Fourteenth Amendment.

The gravamen of Plaintiff's complaint is that on October 11, 2006, Plaintiff slipped and fell due to water being on the floor and, as a consequence of this, Plaintiff sustained injuries to both of his eyes and his teeth. Plaintiff complains that "[a]t that time, Plaintiff did not receive proper medical treatment (NO CAT-SCAN OR MRI WAS EVER GIVEN)." Dkt. [1-2] at 4, ¶ 20. In his complaint, immediately following the quoted passage, Plaintiff then goes on to recount how he was sent to be examined by a Dr. Lindberg on November 2, 2006, who diagnosed Plaintiff with blood clots in the rear of the left eye and advised Defendant Dr. Morgan to make an appointment for Plaintiff to see a cornea specialist in Pittsburgh. Id., at ¶ 21. On November 21, 2006, Plaintiff was sent to Allegheny General Hospital for an appointment with a Dr. Lunden, who allegedly informed Plaintiff that he needed a cornea transplant "due to a scar on the cornea and cataract of the right eye." Id., at ¶ 22. Many of the remaining paragraphs in the complaint recount Plaintiff's history of treatment by various physicians. Dkt. [1-2] at 4 to 5, ¶¶ 23 to 32.

Immediately after recounting the history of his treatment in the complaint, Plaintiff recounts the history of his administrative remedies/grievances. Dkt. [1-2] at 5 to 8, ¶¶ 33 to 86.

The DOC Defendants filed a motion to dismiss, Dkt.[5] and a brief in support. Dkt. [6]. The Moving Medical Defendants also filed a motion to dismiss, Dkt. [10] and a brief in support. Dkt. [11]. Plaintiff was directed to file responses to both motions to dismiss. Dkt. Nos. [8] and [12]. After being granted an extension of time, Plaintiff filed a single brief response to both motions. Dkt. [18]. It also appears that Plaintiff has been released from prison, as he filed a change of address, which appears to be a private residence. Dkt. [19].

Standard of Review and the PLRA

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at __, 127 S.Ct. 1955, at 1965 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In addition, because Plaintiff was, at the time of the filing of this civil action in the State Court and at the time this case was removed to this Court,[2] a prisoner and because he named governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein. In addition, because he complains about "prison conditions," the screening provisions of 42 U.S.C. § 1997e

---

[2] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

apply. The Court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the Court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, *4 (W.D.Pa. June 21, 2007), aff'd, 264 Fed.Appx. 183 (3d Cir. 2008).

All parties (other than Defendant Warner) have consented to the plenary exercise of jurisdiction by the undersigned. Dkt. Nos. [9], [14] & [17].

Discussion

We first take up the DOC Defendants' motion to dismiss. They point out that as to six of the DOC Defendants, namely, Beard, Mahlmeister, Ruffo, Hoovler, Turco and Woods, other than naming them as defendants, there are no factual allegations contained in the complaint as against them. Dkt. [6] at 5. They go on to point out that under Twombly, "it is utterly obvious that plaintiff has not provided enough factual averments to suggest the required elements of his claims, and thus the claims against them must be dismissed." Id. In his response, the best Plaintiff could muster appears to be his assertion that "Prisons are unique places and those named by Plaintiff in his lawsuit have had the contacts alleged by Plaintiff. It is not like Plaintiff[']s injuries are not reviewable as to all in contact with him. . . ." Dkt. [18] at 2. Unfortunately for Plaintiff, the very point made by the DOC Defendants in their motion to dismiss is that Plaintiff does not allege any "contacts" with these six defendants. Even considering the complaint in a light most favorable to Plaintiff and assessing it with the generosity afforded to pro se complaints, the complaint must be dismissed as against Defendants Beard, Mahlmeister, Ruffo,

6

Hoovler, Turco, and Woods for failure to state a claim upon which relief can be granted.

This leaves as remaining DOC Defendants the following: Sharon Burks, Michael Harlow, Kimberly Boal, Patrick Quimby, and Renee King. However, as to these remaining five DOC Defendants, their motion to dismiss essentially points out that all of the allegations against them appear in the portion of the complaint (i.e., Dkt. [1-2] at 5) entitled "Facts and History of Administrative Remedies," and that the complaint attempts to impose liability upon them for their roles in the grievance process. See Dkt. [6] at 7 to 9. Moreover, in his response, Plaintiff does not challenge the DOC Defendants' assertion that Plaintiff is seeking to hold them liable for their roles in the grievance process in not affording him relief. A review of his complaint confirms that he is seeking to hold them liable for not affording him relief via the grievance process. See, e.g., Dkt. [1-2] at 9, ¶ 88 ("Therefore, a suite [sic] for alleging no relief of his administrative remedies . . . ."). The DOC Defendants point out that liability as to the DOC defendants cannot, under the circumstances of this case, be imposed based upon their participation in the administrative remedy/grievance procedure. The DOC Defendants are correct.

For the rule is that "[t]he failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation." Rauso v. Vaughn, No. CIV. A. 96-6977, 2000 WL 873285, at *16 (E.D.Pa., June 26, 2000). See also Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335 (Table), 2000 WL 799760, at *3 (6th Cir. 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation.") (citations omitted); Mitchell v. Keane, 974 F.Supp. 332, 343

(S.D.N.Y. 1997) ("it appears from the submissions before the court that Mitchell filed grievances, had them referred to a prison official, and received a letter reporting that there was no evidence to substantiate his complaints. Mitchell's dissatisfaction with this response does not constitute a cause of action."); Caldwell v. Beard, NO. 2:07-CV-727, 2008 WL 2887810, at *4 (W.D.Pa. Jul 23, 2008)("Such a premise for liability [i.e., for performing a role in the grievance process] fails as a matter of law."), aff'd,__ Fed.Appx. __, 2009 WL 1111545 (3d Cir. April 27, 2009); Caldwell v. Hall, NO. CIV.A. 97-8069, 2000 WL 343229, at *2 (E.D.Pa. March 31, 2000)("The failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation."); Orrs v. Corns, No. CIV.A. 92-6442, 1993 WL 418361, at *2 (E.D.Pa. Oct. 13, 1993)("But an allegation that a defendant failed to act on a grievance or complaint does not state a Section 1983 claim."); Jefferson v. Wolfe, NO. CIV A. 04-44, 2006 WL 1947721, at *17 (W.D.Pa. July 11, 2006)("These allegations [of denying grievances or grievance appeals] are insufficient to establish such Defendants' personal involvement in the challenged conduct under Section 1983. See Watkins v. Horn, 1997 WL 566080, at * 4 (E.D.Pa.. [sic] 1997) (concurrence in an administrative appeal process is not sufficient to establish personal involvement)").

This same reasoning applies with equal force to the allegations against Defendant Theresa Warner. The complaint's only allegations against Defendant Warner concern her participation in the grievance procedure and/or staff request procedure. See, e.g., Dkt. [1-2] at 6, ¶¶ 52 - 55. This is insufficient as just explained. However, we note that no attorney has entered an appearance on behalf of Defendant Warner and, hence, no motion to dismiss has been filed on her behalf. Nevertheless, the Court will dismiss all federal claims against Defendant Warner pursuant to the screening provisions of the PLRA.

To the extent that Plaintiff attempts to amend his complaint by his response, to include allegations that the DOC "Defendants knew of Plaintiff's handicaps and willfully and wantonly caused Plaintiff pain, anguish and suffering even though the officials had knowledge of offending incidents, prior pattern of similar incidents and the circumstances whenever each Supervisor directly communicated a message of approval to the offensive subordinate's conduct permitted[,]" Dkt. [18] at 2, in order to save his complaint in an attempt to allege sufficient personal involvement on the part of the DOC defendants, he may not do so. Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002)("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading."). Accord Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). This is true, notwithstanding the fact that Plaintiff is pro se. See, e.g., McArdle v. Tronetti, 961 F.2d 1083, 1089 (3d Cir. 1992)(applying rule of Zimmerman v. PepsiCo. but the pro se litigant there was an attorney); Martin v. Zook, NO. CIV.A. 87-3775, 1988 WL 33919 (E.D.Pa. March 31, 1988) (applying rule of Zimmerman v. PepsiCo. to pro se lay plaintiff).

However, even if we allowed Plaintiff's response to perform service as, in effect, an amended complaint, such would not save Plaintiff's putative Eighth Amendment claim against the DOC Defendants from dismissal and this is because Plaintiff's complaint acknowledges that throughout the time of his complaints to the DOC Defendants he was under the care of medical doctors, including outside medical doctors who, inter alia, performed surgery on Plaintiff's eye. The DOC Defendants point out that based upon Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993), the complaint fails to state a claim. We agree.

The general rule is that where a prisoner is being treated by medical personnel, non-physician prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment. See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) ("The only allegation against either of these two [prison official] defendants was that they failed to respond to letters Durmer sent to them explaining his predicament. Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.")(footnoted omitted); Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D. Pa. 2001)("Prison authorities who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Similarly, health care administrators cannot be found deliberately indifferent when an inmate is receiving care from a doctor.")(internal citations and quotations omitted). This rule makes sense because a non-physician layperson cannot be deliberately indifferent to a prisoner's medical needs when he knows that the prisoner is being seen by and treated by physicians and/or receiving treatment ordered by a physician, notwithstanding the prisoner's complaints about the physician's treatments and/or alleged mis-diagnosis because a non-physician layperson has no expertise whereby to judge the adequacy *vel non* of a physician's treatment.

The Court of Appeals did explain that the above general Durmer rule is not an absolute rule. In Spruill, the Court held that

> absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official like Gooler will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Spruil v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

It is true that Plaintiff filed grievances or staff requests, which may have provided knowledge to those DOC defendants that Plaintiff was dissatisfied with the medical care, but more is needed than this, otherwise, every time a prisoner complains about his treatment, such would be sufficient to render the non medical personnel liable. Moreover, in light of the allegations of treatment that Plaintiff admittedly did receive, the complaint lacks sufficient factual heft within the contemplation of Twombly[3] to support a finding of the scienter requirement of an Eighth Amendment deliberate indifference claim as to the DOC defendants so as to withstand their motion to dismiss. In other words, in light of the treatment recounted in the complaint, Plaintiff has pleaded himself out of court because in light of such treatment, there was no reason on the part of the DOC Defendants to believe or actual knowledge on their part that Plaintiff was being mistreated or not treated at all within the contemplation of Spruill. Hence, the Eighth Amendment claims against the DOC defendants should be dismissed for failure to state a claim upon which relief can be granted.

We turn next to the Moving Medical Defendants's motion to dismiss. In their motion to dismiss, they first point out that the complaint is devoid of any allegations against PHS or Physician's Assistant Horneman. In his response, Plaintiff does not contend otherwise. Indeed,

---

[3] Twombly, 550 U.S. at 557:

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of "entitle[ment] to relief."

upon independent review of the complaint, the Moving Medical Defendants' assertion is correct; the complaint does not contain any allegations against Defendants PHS and/or Horneman. Accordingly, for this reason alone, all federal claims against Defendants PHS and Horneman should be dismissed.

That leaves solely Dr. Morgan as the remaining Moving Medical Defendant. However, as the Moving Medical Defendants point out, the most that Plaintiff alleges against Dr. Morgan is he "fail[ed] to treat him properly." Dkt. [11] at 5. Indeed, the most that the complaint reveals against Dr. Morgan is that Plaintiff repeatedly complained to Dr. Morgan, about his treatment, see, e.g., Dkt. [1-2] at 5, ¶¶37, 39-40; at 6, ¶¶ 41, 43, 48, ; at 8, ¶¶75 - 78, 80, 84 - 85, and the apparent delay in Plaintiff receiving treatment in the time frame that he wanted or thought appropriate. Dkt. [11] at 5 ("Painter does not allege a denial of treatment but, rather, appears to take issue with the timing of the treatment.").

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal quotations omitted). The Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As a corollary of the deliberate indifference standard, mere negligence by prison staff and physicians in treating prisoners is not sufficient to state an Eighth Amendment violation. Estelle, 429 U.S. at 105-06. The Supreme Court has held that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to

12

> be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. The Moving Medical Defendants suggest that, at most, Plaintiff's complaint states a claim for professional negligence. See Dkt. 11 at 4 ("Courts are not to intervene upon allegations of negligence, mistake or a difference in medical opinion and will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment. . . which remains a question of sound professional judgment.'"). The Court agrees. Nothing in Plaintiff's complaint or response persuades the Court that his complaint rises to anything more than a state law tort of professional negligence. Indeed, the very language of Plaintiff's complaint even suggests that he is making a claim that more properly sounds in negligence. See Dkt. [1-2] at 9, ¶ 89 ("As a direct and proximate result of said Defendants['] medical negligence's [sic] as, Plaintiff has suffered an adverse impact on his life and medical conditions was forced to endure unnecessary mental stress in not receiving the proper medical treatment on all his chronic medical conditions."). Accordingly, because the complaint alleges at most medical negligence and not deliberate indifference as against Dr. Morgan, the Eighth Amendment claim must be dismissed as against Dr. Morgan.

The foregoing reasoning disposes of all federal law claims against all of the Defendants. However, as noted earlier, Plaintiff makes State law claims under the Pennsylvania State Constitution, and perhaps under state tort law for medical malpractice.

The DOC Defendants moved to dismiss the State Constitutional claims on the basis that the State Constitution does not provide a private cause of action. Dkt. [6] at 3 to 4. While the

13

DOC Defendants cite a number of cases in support of their proposition that there is no private cause of action under the State Constitution, the law is not as clear as the DOC Defendants suggest and because this is a potentially complex area of state law, the Court will decline to exercise supplemental jurisdiction[4] over these State law claims. Rather, the Court will remand the case to the Common Pleas Court of Mercer County for that Court to address such claims. See, e.g., Laughman v. Com. of Pa., NO. 1:05-CV-1033, 2006 WL 709222, at *8 (M.D.Pa. March 17, 2006)(collecting cases regarding the issue of a private cause of action under the Pennsylvania State Constitution).

     The DOC defendants also argue in the alternative that even if there is private cause of action under the Pennsylvania State Constitution, "any right of action arising therefrom would still sound in intentional tort and hence, be subject to the bar of sovereign immunity." Dkt. [6] at 4 n.2. Apparently, the Pennsylvania sovereign immunity statute, 42 Pa.C.S. § 8521 *et seq.*, provides immunity for Commonwealth employees acting within the scope of their employment for intentional torts and only waives immunity for negligent torts. See Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc., 694 A.2d 1134, 1140 (Pa.Cmwlth. 1997)("Unlike for local agency employees, willful misconduct does not vitiate a Commonwealth employee's immunity because sovereign immunity protects a Commonwealth employee acting within the scope of his or her employment from liability, even for intentional acts which cause emotional distress."). The Court is not convinced, however, by the DOC Defendants' assumption that a claim of "deliberate indifference" under the Pennsylvania Constitution's counterpart to the Eighth Amendment would qualify as an "intentional" tort, rather than some sort of negligence. Cf. Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004)("Deliberate indifference

---

[4] 28 U.S.C. § 1367(c).

encompasses a broader range of conduct than intentional denial of necessary medical treatment but stops short of negligence in treating a medical condition."). At the very least, the DOC Defendants have not convinced this Court of such, and moreover, it appears to be another question of State law that is complex and/or novel. Hence, the DOC Defendants' argument is more appropriately addressed by the State Courts which provides an additional reason to decline to exercise supplemental jurisdiction over the State Constitutional law claims.

**AND NOW**, this 12th day of June 2009, for the foregoing reasons, it is hereby **ORDERED** that the Motion to Dismiss filed by the DOC defendants, Dkt. [5], is hereby **GRANTED IN PART** and **DENIED IN PART**, it is **GRANTED** as to all federal law claims against all DOC Defendants, but it is **DENIED** as to any State Law claims, over which this Court declines to exercise supplemental jurisdiction. It is further **ORDERED** that the Moving Medical Defendants' Motion to Dismiss, Dkt. [10], is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to all federal law claims against all Moving Medical Defendants, it is **DENIED** as to any state law claims, over which this Court declines to exercise supplemental jurisdiction over. Lastly, pursuant to the Prison Litigation Reform Act, all federal law claims against Defendant Theresa Warner are **DISMISSED** for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over any State law claims against Defendant Theresa Warner. All of the State law claims against all of the Defendants are hereby **REMANDED** to the Court of Common Pleas of Mercer County from which they were removed.

    Respectfully submitted,

    /s/ *Amy Reynolds Hay*
    Chief United States Magistrate Judge

Dated: 12 June, 2009


cc: Ronald Painter
159 Brose Road
Cabot, PA 16023

Counsel of Record via CM-ECF